THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent, *v.* HENRY W. GENET, Appellant.

It is not necessary that the grounds upon which a warrant of attachment was issued should be set forth therein. Nothing more can be required to be stated therein than what is prescribed by the Code (§ 231).

An affidavit for an attachment stated, in substance, that upon the trial of an indictment against defendant charging him with fraudulently obtaining money from plaintiff on pretence of having furnished materials for a building which were never furnished, and on an investigation by a committee of the senate, defendant was sworn; on these occasions the warrants upon which the moneys were obtained were produced, they were indorsed by defendant, and it appeared they had been deposited to his credit in bank; that as informed by the testimony in such proceedings, and as deponent believed, the sum received by defendant and so applied to his own use exceeded $150,000; that defendant was convicted upon such trial, but before the time fixed for sentence he escaped from the custody of the sheriff and absconded, and that although most strenuous efforts have been made to discover his whereabouts he still continues concealed; that plaintiff claimed the sum so obtained as having been obtained for its use and for recovery thereof the action was commenced. *Held*, that the affidavit was sufficient to authorize the issuing of the warrant; that it was a legitimate and rational conclusion from the facts stated that the defendant had absconded from the State with intent to place himself beyond the reach of civil as well as criminal process, and with intent to defraud his creditors.

*It seems*, also, that the warrant could be sustained on the ground that from the facts stated it sufficiently appeared that defendant had left the State and was a non-resident.

(Argued December 14, 1875; decided December 21, 1875.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, affirming an order of

Special Term denying a motion to vacate a warrant of attachment issued herein. (Reported below, 4 Hun, 487.)

The warrant was issued upon the following affidavit:

CITY AND COUNTY OF NEW YORK, ss.:

Henry F. Taintor, being duly sworn, deposes and says: I am and for more than two years I have been engaged in the investigation of frauds perpetrated against the city and county of New York, under authority conferred upon me by the comptroller of the city of New York. Among other cases investigated by me has been that of the ninth district court-house mentioned in the complaint in this action, and the connection therewith of the defendant, Henry W. Genet.

A large amount of testimony has been taken in reference to the defendant's connection with that court-house, both on the trial of an indictment against him charging him with having fraudulently obtained money from the plaintiffs on the pretence of materials furnished for that court-house, which were never furnished, and on an investigation by a committee of the senate of the State of New York, in reference to alleged frauds in connection with the erection of that building. On each occasion the defendant himself was examined as a witness; on each occasion he introduced witnesses on his behalf; on each occasion warrants upon which money was drawn ostensibly in payment for work, labor and services or materials for the court-house were introduced in evidence, to a large amount, indorsed by the defendant, and which had been by him deposited to his own credit in his own bank.

I am familiar with the other matters alleged in the complaint in this action, and upon the above testimony the city warrants indorsed by the defendant, and his own evidence, I am able to state, and I do swear, that at the time herein mentioned the plaintiffs were and that they still continue to be a municipal corporation, and as such duly created and existing by and under the laws of the State of New York. That on or about April 27, 1870, an act was passed by the legislature of the State of New York providing for the erection of a court-house and place for the detention of prisoners

within the limits of the ninth judicial district of the city of New York, the building and the lands purchased for the same to be the property of the plaintiffs. That in and by the said act it was further provided that the expense to be incurred in executing the provisions thereof, in addition to the amount required for the purchase of the site for the said building, should not exceed the sum of $100,000. That by an act passed by the legislature February 17, 1871, it was further provided that the comptroller of the city of New York should be and he thereby was authorized and directed to raise on bonds of the said city of New York for the completion of said building the sum of $300,000, or so much thereof as should be certified by the commissioners having in charge the erection of the said building to be necessary, and by the said two acts provision was made for the collection, by tax, of the said amounts so authorized to be appropriated in the erection of the said building.

That pursuant to the said acts, a site was purchased in the Twelfth ward in the city of New York for the erection of the said building, and the construction of a building thereon proceeded.

That between September 28, 1870, and August 28, 1871, there was drawn from the plaintiffs, the same being paid by the comptroller of the city of New York, in all, the sum of $244,580.48, on the pretence that the same was due for services, labor and materials necessary for and which had been rendered and furnished in and about the construction of the said building.

That I have seen the warrants by which this payment was made and the bills and vouchers for which the warrants were drawn, and they state claims either for services, labor or materials. That of the said sum a large part was received by the defendant or by other persons to his use, which was by him applied to his own purposes. It is difficult to state the amount exactly, but as I am informed by the testimony in the two proceedings to which I have referred, and as I believe, it will exceed $150,000.

That the plaintiffs were induced to pay this sum of money so received from them by the representation, believed by

them at the time, that work, labor and services had been rendered and materials had been furnished in and about the construction of the said building, the fair and reasonable value of which was the sum so received from them. That to the extent of the said sum so received by the defendant and to his use, no such work, labor and services were rendered or materials furnished, as the defendant well knew at the time.

That the representations upon which the said sum of money was received from the plaintiffs were made by the defendant or by others through his procurement. It appeared by the evidence in the two proceedings to which I have referred, that the concoction of the scheme for a court-house and all the arrangements in reference thereto were under the principal direction, and that in a very large number of cases the very warrants which were paid ostensibly for materials obtained from different persons, or services rendered by different persons, were collected from the comptroller by the defendant, and were deposited by him to his own credit in his own banks. That the defendant was mainly instrumental in procuring the passage of the said acts of the legislature and in devising the scheme for the erection of the said building, and that the purpose of the defendant was through the pretence of bills for services, labor and materials in and about the construction of the said building to obtain from the plaintiffs money to which he was not entitled. That to the extent hereinbefore stated such scheme succeeded, and that thereby the defendant obtained from the plaintiffs or their attorneys the said sum.

The plaintiffs claim the same as having been received to their use, and that the defendant is responsible to return the same to these plaintiffs, and for the recovery thereof this action is commenced.

That the defendant's trial upon the indictment against him was in the month of December, 1873. He was convicted by the jury, and shortly after his conviction, and before the time fixed for him to receive his sentence, he escaped from the custody of the sheriff of the city and county of New York and absconded, and that though the most strenuous efforts

have since been made to discover his whereabouts, he still continues concealed.

H. F. TAINTOR.

Sworn to before me the 4th }
    day of March, 1874.       }

NICHOLAS F. BUTENSCHON,
*Commissioner of Deeds.*

In the warrant itself the grounds upon which it was applied for and issued were not stated. The amount of the cause of action was stated to be $150,000 and interest. Held as above stated.

*Oliver W. West* for the appellant.

*Jno. E. Parsons* for the respondent.

MILLER, J., reads for affirmance.
All concur in result.
Order affirmed.