PENFIELD v. CHESAPEAKE, O. & S. W. R. Co.[1]

(*Circuit Court, E. D. New York.* December 28, 1885.)

1. DOMICILE—CHANGE OF RESIDENCE—WHAT AMOUNTS TO.

Mere intention to change one's residence does not affect that change. Coupled with such an intention, there must be acts done, and one act must be that of living for some period of time in the place of intended residence.

2. SAME—STATEMENT OF CASE.

In August, 1883, plaintiff, a resident of St. Louis, formed the intention of taking up his residence in Brooklyn, New York. In pursuance of that intention, he sent his wife and children to Brooklyn in August; and his wife, upon arriving there, hired a house, in which she and her children thereafter lived. Plaintiff himself came to Brooklyn in January of the next year. *Held,* that on November 30, 1883, he had not acquired a residence in New York.

3. SAME—LIMITATION OF ACTION—SECTION 390, CODE CIVIL PROC. N. Y.—TENNESSEE STATUTES.

On the trial, a motion to direct a verdict for defendant was granted on the ground that plaintiff was a resident of Tennessee, and that this action was barred by section 390 of the New York Code of Civil Procedure, by virtue of which the laws of Tennessee limiting the time to commence an action like this must control. It was admitted that the laws of Tennessee provided that a like action for personal injuries must be commenced within one year from the time said action accrues; so that the plaintiff lost his right of action on November 30, 1883, unless previous to that date he became a resident of New York, and a motion for a new trial on the ground that he had before that date acquired such residence was denied.

At Law. Motion for new trial.
*Rufus M. Williams,* for plaintiff.
*Charles H. Tweed,* for defendant.

BENEDICT, J. The question upon which the motion made at the trial to direct a verdict for the defendant was decided in favor of the defendant was whether the plaintiff's cause of action, being for an injury re-

[1] Reported by R. D. & Wyllys Benedict, Esqs., of the New York bar.

ceived while in the defendant's cars on the thirtieth of November, 1882, was barred by section 390 of the New York Code of Civil Procedure. The defendant is a resident in and a citizen of Tennessee, (*Muller* v. *Dows*, 94 U. S. 444,) and by virtue of section 390 of the New York Code of Civil Procedure the statute of Tennessee limiting the time to commence an action like this must control. By that statute the plaintiff lost his right of action on November 30, 1883, unless previous to that date he became a resident of the state of New York.

The undisputed facts proved were that prior to August, 1883, the plaintiff resided in St. Louis. In August, 1883, he formed the intention to take up his residence in Brooklyn, New York. In pursuance of that intention, in August, 1883, he sent his wife and children to Brooklyn, and, upon arriving there, his wife hired a house, in which she and her children thereafter lived. The plaintiff himself, however, did not come to Brooklyn till January of the next year. Upon this proof, the question arises whether the fact that the plaintiff, prior to November 30th, formed the intention to change his residence to New York, and the further fact that he had gone so far in carrying that intention into effect as to send his wife and children to New York to live, coupled with the fact that he himself did not come to New York until January, 1884, were sufficient to give him a residence in New York prior to November 30, 1883. Upon this question I am of the opinion that mere intention to change his residence does not affect that change, but that, coupled with such an intention, there must be acts done, and that one act must be that of living for some period of time in the place of intended residence. Residence involves personal presence. 2 Bouv. Law Dict. 582.

The fact that the plaintiff's family lived in New York prior to November 30, 1883, did not make him a resident of New York. A man may have his home or domicile in this state, and be at the same time a resident of another. *City of New York* v. *Genet*, 63 N. Y. 646. "Change of mind may lead to a change of residence, but cannot with any propriety be deemed such of itself." *Frost* v. *Brisbin*, 19 Wend. 14. To the intention to take up the new residence, must, in my opinion, be added the fact of living in the new place for some period of time, I do not say how long. Here the plaintiff did not follow his wife to the state of New York until January, 1884. Up to that time, although he sent his wife to New York in August, 1883, it was optional to him to abandon his intention without affecting his residence. If, instead of coming to New York in January, 1884, he had, under a change of intention, recalled his wife to St. Louis, it would scarcely be argued, I should suppose, that he had lost his residence in St. Louis by reason of what his wife and children had done in New York. Under such a state of facts, it would doubtless be held that the fact that he himself continued to live in St. Louis was sufficient to prevent a loss of residence there. If so, the fact that he did not come to New York until January, 1884, compels the decision that he had not acquired a residence in New York on November 30, 1883. The motion for a new trial is therefore overruled, and judgment must be entered on the verdict.